Filed 1/11/22 Marriage of Luu CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of YEN and FELIX LUU. | C093680 |
| YEN LUU,<br><br>Respondent,<br><br>v.<br><br>FELIX LUU,<br><br>Appellant;<br><br>JENNY VOONG,<br><br>Claimant and Appellant. | (Super. Ct. No. 07FL07955) |

In this marital dissolution proceeding between Felix Luu (husband) and Yen Luu (wife), husband and Jenny Voong (claimant), representing themselves in pro. per., appeal various rulings following the bench trial to divide the community property, debts, and assets, including claims for reimbursement and attorney fees and costs. Claimant asserted a co-ownership interest in one of the properties at issue in the marital dissolution proceeding -- the Digger Street property. Claimant asserts the trial court erred in finding

1

her claim precluded by the statute of frauds, that the Digger Street property is husband's and wife's community property, and the loan on that property has been paid in full.

Husband asserts: (1) wife has no claims to the Digger Street property; (2) claimant has claims to the Digger Street property; (3) he does not owe money to wife for the cash value of the life insurance policies (instead she owes him); (4) wife owes him a portion of profit-sharing distributions she received from certain S corporations and a portion of the penalties assessed by the Internal Revenue Service based on the profit-sharing distributions; (5) wife is responsible for a portion of the legal fees and costs incurred in other civil lawsuits; (6) his community property share of the bank accounts should not be reduced; (7) he should not have to pay wife's attorney fees and costs; and (8) the trial court erred in precluding him from using exhibits that would have proven wife was lying.

Wife argues we "need not delve too deeply into [the arguments], as the record on appeal does not include a Reporters' [*sic*] Transcript or settled statement, and the vast majority of each party's Appendix consists of documents that were not filed in the trial court and do not appear to have been entered as exhibits at trial. What happened at the trial -- who testified to what -- is not before this court. There is thus no legal basis on which this Court could find a lack of substantial evidence to support the orders, including the trial court's order that Husband pay Wife attorney fees under Family Code section 271."

We agree with wife that the record is inadequate to determine whether husband's and claimant's contentions have merit. All of husband's and claimant's claims of error require us to consider and evaluate the evidence introduced and admitted at trial, including the testimony given. We are unable to do so in the absence of husband and claimant providing a reporter's transcript, settled statement, or agreed statement of the oral trial proceedings. The judgment is presumed to be correct, and husband and claimant have failed to carry their burden to affirmatively demonstrate error. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) We thus affirm.

2

Husband, wife, and claimant testified at trial. The trial court took "judicial notice of the pleadings, and Findings and Orders After Hearing in the court's file." After considering the testimony and other evidence presented at trial, the trial court made the following pertinent findings and orders as to the marital property and claims for reimbursement and attorney fees: (1) the house on Pantano Way is confirmed to wife as her sole and separate property and, upon equalization of all assets and debts, wife shall pay husband $165,000; (2) claimant's claims of co-ownership in the house on Digger Street is precluded by the statute of frauds, the house is community property, and the house is confirmed to husband as his sole and separate property with husband to pay wife $170,000, upon equalization of assets and debts; (3) upon equalization of assets and debts, husband shall reimburse wife $33,827.81 for a New York Life insurance policy; (4) upon equalization of assets and debts, husband shall reimburse wife $11,962.19 for a Prudential life insurance policy; (5) husband shall be solely liable for all Internal Revenue Service tax deficiencies for tax years 2008 through 2012, without offset; (6) husband shall be solely liable for all legal fees and costs incurred after the date of separation for his representation in several civil matters; (7) once the division of community asset accounts and debts has been determined, an issue reserved for future resolution, husband's community property share of the bank accounts shall be reduced by $94,395 as he already received this distribution from the accounts post-separation; (8) once the division of community asset accounts and debts has been determined at a later date, wife's community property share of the bank accounts shall be reduced by $85,000 as she already received this distribution from the accounts post-separation; (9) wife's breach of fiduciary duty claims against husband are denied; and (10) wife's Family Code section 271 request for $43,500 in attorney fees and $11,786.83 in costs totaling $55,286.83 is granted.

The trial court made the following findings in awarding wife attorney fees and costs to be paid by husband: (1) husband or his counsel "has frustrated the policy of law

to promote settlement of litigation and, where possible reduce the cost of litigation by encouraging cooperation between the parties and attorneys"; and (2) the amount of the attorney fees does not impose an unreasonable financial burden on husband.

As to claimant's claim of co-ownership in the Digger Street property, the trial court wrote claimant "testified she made several payments to [husband] equaling $150,000 that was to be used as her down payment towards her ownership interest in the Digger Street property," but she "presented no written documents, letters, emails, agreements, contracts, etc. to support this claim." The trial court further explained claimant is not "on the deed, named as a debtor on the loan, or agreement between [wife], [husband] and [claimant] evidencing co-ownership of this property." Because neither husband nor claimant provided evidence there was a writing as to claimant's ownership interest in the Digger Street property, the trial court found her claim was precluded under the statute of frauds.

## DISCUSSION

Husband's and claimant's arguments rest on our review of the evidence presented at trial. Husband relies on several documents in his appellant's appendix to assert: (1) the Digger Street property is not community property because "there is evidence to support the opposite of this finding"; (2) there "is no substantial evidence to support" the trial court's finding claimant has no claims to the Digger Street property; (3) "there is substantial evidence that supports the opposite of" the trial court's ruling that husband shall reimburse wife upon division of the cash value of the life insurance policies; (4) "there is substantial evidence that supports the opposite of the court findings and insufficient evidence to support the courts [*sic*] findings" that wife does not owe husband money from profit-sharing distributions and she is not liable for any Internal Revenue Service tax deficiencies from 2008 through 2012; (5) the trial court erred in finding husband solely responsible for the legal fees and costs associated with other civil lawsuits because "there is evidence that shows that [wife] is a party to the action of the lawsuits"; (6) "there is insufficient evidence to support" the trial court's finding husband's

4

community property share of the bank accounts should be reduced; (7) "there is no substantial evidence to support" the trial court's award of attorney fees and costs to wife under Family Code section 271; and (8) "[t]he trial court erred in not allowing exhibits or evidence of impeachment or showing the dishonesty of the opposing parties to be used by [husband] as there was no reason or evidence to support this ruling during the trial."

Claimant asserts the trial court erred in precluding her claim of a 57 percent co-owner interest in the Digger Street property under the statute of frauds because: (1) she contributed $150,000 to the purchase of the property; (2) the "property investment is not between a buyer and a seller"; (3) claimant and husband are partners in the investment; (4) husband and claimant had an agreement; and (5) husband "filed a statement on 6/16/2010 regarding the agreement between himself" and claimant. Claimant further asserts the Digger Street property is not community property because: (1) husband's joint bank account did not have sufficient funds in it between December 22, 2006 and January 24, 2007, until claimant gave him the money for the down payment; and (2) wife signed and notarized an interspousal transfer deed for the property, thereby relinquishing any interest she may have had in the property. Claimant also believes the trial court erred in finding the Digger Street property loan had been paid off by the date of separation between husband and wife. Like husband, claimant relies on documents in her appellant's appendix; claimant did not provide a reporter's transcript or suitable alternative on appeal.

While we are not unsympathetic to the efforts a self-represented party expends in presenting his, her, or their case, and fully recognize the personal investment such party has in his, her, or their case, we *must* treat a self-represented party the same as a represented party, i.e., uniformly applying the procedural and substantive rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) In that regard, under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶]

5

(1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137." Further, under California Rules of Court, rule 8.163, "[t]he reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the record." A claimed error that appears on the face of the record is, for example, an appeal involving a legal issue requiring de novo review. (See, e.g., *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 698-700.)

Here, the record on appeal consists solely of appellants' appendices. Husband and claimant elected to proceed on appeal without a reporter's transcript and admit in their reply briefs that their appellants' appendices include documents that "were admitted, refused or lodged during the trial." The claimed errors do not appear on the face of the record provided, primarily because husband's and claimant's challenges are with regard to the trial court's resolution of triable issues of fact. Without a record of the oral proceedings and all the evidence presented and admitted at the trial, including the testimony of the parties, this court cannot determine whether the trial court erred. We further cannot determine which documents in the appellants' appendices were presented, admitted, or determined to be inadmissible at trial.[1] "[T]he appellate court's review must be based on the whole record, not just the excerpts chosen by the appellant[s]." (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1581.)

Husband and claimant argue California Rules of Court, rule 8.130(a)(4) permits them to proceed on appeal without a reporter's transcript and "not providing a Reporter's Transcript is not a valid reason for Appellant's arguments being invalid." Husband and claimant are correct that California Rules of Court, rule 8.130(a)(4) provides the respondent cannot require that a reporter's transcript be prepared if the appellant elects to

[1]     Indeed, wife contends "Appellant's Appendix contains many documents that were not filed in court, and do not appear to have been admitted as exhibits."

proceed without one. That does not, however, address the adequacy of the record for purposes of our review.

"An appellate court begins with the presumption the judgment is correct [citation] and the appellant must prepare a record that adequately establishes the trial court committed prejudicial error." (*Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 122.) Therefore, " 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) In the absence of a reporter's transcript or a suitable alternative thereto, we must affirm the judgment here.

## DISPOSITION

The judgment is affirmed. Wife shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
Robie, J.


We concur:


/s/
Raye, P. J.


/s/
Hull, J.